Derbigny, J.
delivered the opinion of the court. The judgment complained of, in this case, does not contain the reasons on which it is founded ; we must, therefore, as we have done in other similar cases, avoid and reverse it.
Proceeding; to enquire whether the case is go 3 ¾ presented as to enable us to adjudicate upon its • _ # , merits, we find, that a diminution of the record has been suggested by the counsel for the appel-lee, who has stated on oath, that a certain part of the statement of facts, agreed upon by the parties, to wit, the second fact, said in the transcript of the record to have been struck out, was erased without his knowledge ; and that upon this suggestion, and* without any order from this court to that effect, the clerk of the third district court, has come forward and sent up the original statement of facts, certifying at the same time, that he knows not whether the erasures, which appear on the face of it, were made by consent, nor by whom they were made. In that situation of the case, however irregular this mode of proceeding may have been, the document, the transcript of which was complained' of as incomplete, being now before us, no tecbai *564 cal difficulty ought to prevent us from ascertaining by its examination, whether it is such a statement of facts, as the parties may be bound by.
This statement contained four facts, distinctly and separately set forth under the numbers 1, 2, 3 Sf é. It bears at the bottom the signatures of the respective attornies of the parties, and that of the judge. But of those facts, one is uow found erased, and the clerk cannot tell whether those erasures were made by consent, nor by whom they were made. What is to be presumed ? The signatures of the parties are affixed at the bottom of a writing as an acknowledgment, that they approve of that which is written. But when a paper is mutilated and defaced, is an approval of the alterations to be inferred ? Ought not the clerk, who received it, to be able to certify, alt least, that the parties did jointly deliver it to him in its present state ? Aud, if he cannot certify even that, would there be any justice in making an instrument thus disfigured binding on them ?
Parties are, no doubt, at liberty to blot and scratch their written agreements as much as they please; however objectionable the practice, there is nothing illegal in it. But when they do so alter what was written, they ought to take care, that the alterations shall appear to have *565 been made by consent: for if the consent * , neither is expressed, nor can be ascertained, and is denied by one of the parties, it shall not be presumed to have been given.
This, then, not appearing to be the statement of facts agreed upon by the parties, the appeal stands as if it was not accompanied by any statement at all. We are, therefore, under the necessity of remanding the case.
It is, therefore, ordered, adjudged and de^ creed, that the judgment of the district court b# annulled, avoided and reversed ; and that this case be remanded with instructions to the judge, to render judgment therein, in the manner prescribed by the constitution ; and it is further ordered, that the costs of this appeal be paid by the appellee.